Tom Larmore, Esq.
Nevada Bar No. 7415
Christine M. Emanuelson, Esq.
Nevada Bar No. 010143
**HINES HAMPTON LLP**
6952 Encore Way
Las Vegas, NV 89119
Tel.: (702) 933-7829
Fax: (702) 974-1709

Attorneys for Defendant
Nationwide Mutual Insurance Company

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| TERRY GEYER, an individual, | CASE NO. |
| Plaintiff, | [Lower Court Case No. A15721142C District Court of Clark County, Nevada] |
| vs. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation; ROE CORPORATIONS I through X, inclusive, | **DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** **[28 U.S.C. §1441(b)] [DIVERSITY]** |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

Defendant Nationwide Mutual Insurance Company ("Nationwide" or "Defendant") notices the removal of this action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§1332, 1441 and 1446.  In support, Defendants, by and through their undersigned attorneys of record, state as follows:

1.      On July 13, 2015, an action was commended by Plaintiff Terry Geyer ("Plaintiff"), in the District Court of Clark County, Nevada, entitled *Terry Geyer v. Nationwide Mutual Insurance Company, et al.*, Case No. A15721142C.  A copy of the Summons and Complaint are attached hereto collectively as Exhibit "A" and incorporated herein by reference.  Exhibit "A" compromises all of the documents Defendant was served with the state court action.

2.      The documents in Exhibit "A" were served via certified U.S. Postal Service first class mail to the Department of Business and Industry, Division of Insurance, Las Vegas, Nevada (the "Department").  The Department served Defendant with a copy of the Summons and Complaint via mail on July 14, 2015, pursuant to Nevada Revised Statutes 680A.260.  A true and correct copy of the Department's Letter is attached as Exhibit "B" and incorporated herein by reference.

3.      Defendant's registered agent for service of process Corporation Service Company received the documents contained in Exhibit "A" on July 16, 2016.  A copy of Corporation Service Company's Service of Process Transmittal reflecting service of these documents is attached hereto as Exhibit "C" and incorporated herein by reference.

4.      This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1441 and 1146.  Defendant is the only party served with the Complaint in the state court action.  Based on Defendant's counsel communication with Plaintiff's counsel, Allied Property & Casualty Insurance Company, an Iowa Corporation, has not been formally served with the summons and complaint, or any of the documents in Exhibit "A".  Therefore, no joinder of any other defendant in this removal is required.  See Murphy Brothers, Inc. v. Michetti Pipe Stringing Inc., 526 U.S. 344, 347–48 (1999); Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429

DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL

(9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal).

5.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that Defendant may remove to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     Plaintiff alleges causes of action against Defendant for (1) breach of contract, (2) breach of covenant of good faith and fair dealing and (3) unfair claims practices.  See Exhibit "A."  Specifically, Plaintiff alleges Defendant issued an insurance policy to Michael Nolan and Plaintiff, which provided underinsured motorist coverage in the amount of $250,000 per person and $500,000 per occurrence.  Id. at ¶ 9.  On or about March 14, 2014, Plaintiff was involved in a two-vehicle accident, wherein she sustained severe personal injuries.  Id. at ¶¶ 6-7.  Plaintiff alleges she has incurred medical expenses in excess of $35,306.77 and anticipates spine surgery in the future at a cost of over $200,000.  Id. at ¶ 9.  The Complaint alleges the following damages: general damages in the amount in excess of $10,000, special damages, punitive damages in the amount in excess of $10,000 and reasonable attorneys' fees. Id. at Prayer for Relief.

7.     For jurisdictional purposes, the amount in controversy includes Plaintiff's claimed punitive damages, in addition to his actual compensatory damages.  See e.g., Bell v. Preferred Life Assurance Soc., 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); Guaranty Nat. Ins. Co. v. Potter, 112 Nev. 199, 205-206, 208, 912 P.2d 267, 272-273 (Nev. 1996) (holding punitive damages are recoverable for insurance bad faith relative to underinsured motorist claim).

DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL

8.     Plaintiff seeks attorney's fees and costs, an undisclosed amount "in excess of $10,000" for general damages, an undisclosed amount in special damages, plus an undisclosed amount "in excess of $10,000" for punitive damages. See Exhibit "A", Prayer for Relief.  Although Plaintiff does not identify the precise amount she seeks for these categories of damages in his Complaint, she is not entitled to plead more than $10,000 under Nevada state law.  Plaintiff seeks compensation for special damages, punitive damages, and attorneys' fees **in addition to** the policy benefits per the allegations in the Complaint.

9.     Based on the above-referenced allegations in the Complaint, Defendant is informed and believes the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Complete diversity if the citizenship also exists between the parties. The Complaint alleges that Plaintiff was and is a resident of the County of Clark, State of Nevada.  Exhibit "A", at ¶ 1.  Defendant is a mutual insurance company incorporated, organized and existing under the laws of the State of Ohio, and has its principal place of business in the State of Ohio, located at One Nationwide Plaza, Columbus, Ohio.  A true and correct copy of the Declaration of Kathy R. Richards in Support of Defendants' Removal is attached hereto as Exhibit "D" and incorporated herein by reference.

11.     Accordingly, pursuant to the Complaint in the State Court action and the attached Declaration of Kathy R. Richards, Defendant is informed and believes complete diversity of citizenship presently exists, and existed at the time Plaintiff filed and served the State Court action.

12.     A true and correct copy of this Notice of Removal is being filed on this date with the Clerk of the District Court of Clark County, Nevada and served on Plaintiff's counsel.

DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL

13.     Based upon the forgoing, Defendant remove the above action now pending in the District Court of Clark County, the State of Nevada, Case No. A15721142C, to the United States District Court for the District of Nevada.

DATED:  August 12, 2015                    **HINES HAMPTON, LLP**

By:  _____
                                         Christine M. Emanuelson, Esq.
                                         Attorneys for Defendant,
                                         NATIONWIDE MUTUAL
                                         INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE Defendant hereby demands trial by jury on all issues so triable.

DATED:  August 12, 2015                    **HINES HAMPTON, LLP**

By:  _____
                                         Christine M. Emanuelson, Esq.
                                         Attorneys for Defendant,
                                         NATIONWIDE MUTUAL
                                         INSURANCE COMPANY

DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL

# EXHIBIT A

SUMM
BELLON & MANINGO, LTD.
LANCE A. MANINGO, ESQ.
Nevada Bar No. 6405
732 S. Sixth Street, Suite 102
Las Vegas, Nevada 89101
Telephone: (702) 452-6299
Facsimile: (702) 452-6298
E-mail: lam@bellonandmaningo.com
Attorneys for Plaintiff
TERRY GEYER

RECEIVED
JUL 13 2015
DIVISION OF INSURANCE
STATE OF NEVADA

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TERRY GEYER, and individual, | ) |
| Plaintiff, | ) CASE NO.   A-15-721142-C |
| | ) |
| vs. | ) DEPT NO.   I |
| | ) |
| NATIONWIDE MUTUAL INSURANCE | ) |
| COMPANY, a corporation; ALLIED | ) |
| PROPERTY AND CASUALTY INSURANCE | ) |
| COMPANY, a corporation and ROE | ) |
| CORPORATIONS I through X, inclusive, | ) |
| Defendants. | ) |

**BELLON & MANINGO, LTD.**
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

## <u>SUMMONS</u>

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT, NATIONWIDE MUTUAL INSURANCE COMPANY:  A Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.**

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of any attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

By: _____
BELLON & MANINGO, LTD.
LANCE A. MANINGO, ESQ
Nevada Bar No. 6405
732 S. Sixth Street, Suite 102
Las Vegas, Nevada 89101
Attorney for Plaintiff
TERRY GEYER

CLERK OF COURT

By: _____
Deputy Clerk        KORY SCHLITZ
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

2

Electronically Filed
07/08/2015 03:17:37 PM

BELLON & MANINGO, LTD.
LANCE A. MANINGO, ESQ.
Nevada Bar No. 6610
732 S. Sixth Street, Suite 102
Las Vegas, Nevada 89101
Telephone: (702) 452-6299
Fax: (702) 452-6298
Email: lam@bellonandmaningo.com
Attorney for Plaintiff
TERRY GEYER



**CLERK OF THE COURT**



RECEIVED

JUL 1 3 2015

DIVISION OF INSURANCE
STATE OF NEVADA

## DISTRICT COURT

## CLARK COUNTY, NEVADA

TERRY GEYER, an individual

                        Plaintiff,

      vs.

NATIONWIDE MUTUAL INSURANCE
COMPANY, a corporation; ALLIED
PROPERTY AND CASUALTY INSURANCE
COMPANY, a corporation and ROE
CORPORATIONS I through X, inclusive,

                     Defendants.

Case No.: A- 1 5 - 7 2 1 1 4 2 - C

Dept. No.:  I

## COMPLAINT

    Plaintiff, Terry Geyer, (hereinafter "PLAINTIFF") by and through her counsel of record, Lance A. Maningo, Esq., of BELLON & MANINGO, LTD, hereby complains and alleges against Defendants as follows:

### JURISDICTION

1.    At all times mentioned herein, Plaintiff was and is a resident of the County of Clark, State of Nevada.

////

BELLON & MANINGO, LTD.
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

1

**BELLON & MANINGO, LTD.**
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide"), is a corporation, domiciled in the State of Ohio, and doing business in the State of Nevada, and that Allied Property and Casualty Insurance Company (hereinafter "Allied"), is a corporation, domiciled in the State of Iowa, and doing business in the State of Nevada.

3.      That the true names and capacities of Defendants herein designated as ROE CORPORATIONS I through X, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names.  Plaintiff alleges that ROE CORPORATIONS I through X constitute the correct legal entity which issued the subject automobile insurance policy to Plaintiff, that provided underinsured motorist benefits to Plaintiff, as referenced herein; it is further alleged that ROE CORPORATIONS I through X constitute the applicable parent company, affiliates and subsidiaries of the correct legal entity which issued the subject automobile insurance policy; Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

4.      ROE CORPORATIONS I through X are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing Plaintiffs' policy of insurance, or who participated in the claim processing and or handling of Plaintiffs' claim, as herein alleged.

5.      Plaintiff has found it necessary to retain the services of any attorney to prosecute this action and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

////

////

2

## FACTS

6.      On or about March 14, 2014, Plaintiff was involved in a two vehicle motor vehicle accident in Clark County, Nevada.

7.      As a direct and proximate result of the aforesaid automobile accident, Plaintiff incurred severe personal injuries which caused her to suffer great pain of body and mind, all or some of which conditions may be permanent or disabling in nature.

8.      As of June 22, 2015, Plaintiff has incurred medical expenses from health care providers in excess of $35,306.77 and anticipates spine surgery in the future that will ultimately cost over $200,000.

9.      At all times relevant herein, there was in force and effect a policy of insurance issued by Nationwide to Michael Nolan as primary policy holder and Terry Geyer as secondary policy holder, policy number PPBM0040524756, which provided underinsured motorist coverage in the amount of $250,000 per person and $500,000.00 per occurrence.

10.      Adverse policy was tendered and exhausted, thereby triggering UM/UIM coverage.

11.      On or about April 2, 2015, counsel for Plaintiff submitted correspondence to Nationwide confirming all prior Nationwide claim activity and correspondence associated with Plaintiff's Nationwide claim number 404228-GA

12.      On or about March 13, 2015, counsel for Plaintiff submitted a demand for Plaintiff's policy limits to Nationwide.

13.      On or about March 20, 2015, Nationwide responded to Plaintiff's policy limits demand by offering settlement in an amount less than agreeable to Plaintiff.

14.      On or about June 10, 2015, counsel for Plaintiff rejected Nationwide's offer for settlement, and counter-demanded at an amount less than the policy limit.

3

BELLON & MANINGO, LTD.
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

15.    On or about June 11, 2015, Nationwide increased its offer to settle the claim by a mere $5,000.

16.    On June 19, 2015, counsel for Plaintiff rejected Nationwide's revised offer for settlement.

17.    That based upon information and belief, Plaintiff alleges that she incurred medical expenses from various health care providers and will continue to incur such expenses in the future, all in an amount presently unascertained; that in this regard, said Plaintiff prays for leave of this court to insert all of said damages when the same have been fully ascertained.

18.    That as a direct and proximate result of the aforesaid automobile accident, Plaintiff incurred severe personal injuries which caused her to suffer great pain of body and mind, all or some of which conditions may be permanent or disabling in nature.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

19.    Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

20.    Plaintiff contracted with Nationwide Mutual Insurance and is entitled to underinsured motorist coverage benefits.

21.    Plaintiff has performed all conditions, covenants, and promises required by Plaintiff to be performed in accordance with the terms and conditions of the aforementioned insurance policy so as to entitle Plaintiff to the insurance benefits referenced herein.

22.    By refusing to extend to Plaintiff, in a timely manner, all underinsured motorist benefits to which Plaintiff is entitled, Nationwide has breached the contract of insurance.

23.    That as a direct and proximate result of the conduct of Nationwide, Plaintiff has been damaged in an amount in excess of ten thousand dollars ($10,000).

4

BELLON & MANINGO, LTD.
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

## SECOND CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

24.     Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

25.     Nevada law recognizes that implied in every contract for insurance is a covenant of good faith and fair dealing, which is a promise that neither party will do anything which will injure the right of the other to receive benefits of the agreement.

26.     Nationwide breached the covenant of good faith and fair dealing by refusing to pay, in a timely manner, all underinsured motorist benefits to which Plaintiff is entitled as a result of damages arising from the aforementioned automobile accident.

27.     Nationwide failed to offer payment to Plaintiff to which Plaintiff is entitled pursuant to the underinsured motorist coverage, which was done in the absence of a reasonable basis for limiting such benefits under the policy, and was done with Nationwide's knowledge and/or reckless disregard of failing to make any offer of benefits to Plaintiff.

28.     As a result of Nationwide's breach of implied covenant of good faith and fair dealing, Plaintiff has incurred compensatory damages in an amount in excess of ten thousand dollars ($10,000).

29.     Nationwide's willful, wanton, malicious, reckless, oppressive, and or fraudulent breach of the covenant of good faith and fair dealing entitles Plaintiff to punitive damages in an amount in excess of ten thousand dollars ($10,000).

////

////

////

5

### THIRD CAUSE OF ACTION

### (Unfair Claims Practices)

30.     Plaintiff repeat, re-allege, and incorporate each and every paragraph contained above as though fully set forth herein.

31.     Nationwide has breached the covenant of good faith and fair dealing by its violations of the provisions of the unfair claims practices act (NRS 868A.310 et seq.), as hereinafter alleged, and said violations were done with Nationwide's actual and/or implied knowledge.

32.     Nationwide failed to acknowledge and act reasonably and promptly upon Plaintiff's communications with respect to their claim, as required by NRS 686A.310(1)(b).

33.     Nationwide failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claim, as required by NRS 686A.310(1)(e).

34.     Nationwide has compelled Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than Plaintiff is entitled, in violation of NRS 686A.310(1)(f).

35.     Nationwide failed to promptly provide to Plaintiff a reasonable explanation of the basis in the insurance policy, with respect to the facts of Plaintiff's claim and the applicable law, for the lack of an offer to settle or compromise Plaintiff's claim, as required by NRS 686A.310(1)(n).

36.     Pursuant to NRS 686A.310(2), Nationwide is liable for any damages sustained by Plaintiff as a result of said Defendant's violation of the above unfair claims practices, including damages for benefits denied under the insurance policy, consequential damages, emotional distress, and attorney fees. Furthermore, Plaintiff is entitled to punitive damages as the above violations were done with a conscious disregard for the rights of Plaintiff.

BELLON & MANINGO, LTD.
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

1.      For general damages in an amount in excess of ten thousand dollars ($10,000);

2.      For special damages in an amount to be proven at the time of trial;

3.      For punitive damages in an amount in excess of ten thousand dollars ($10,000);

4.      For reasonable attorney's fees and costs of suit incurred herein; and

5.      For such other and further relief as this court deems just and proper.

Dated this _____ day of July, 2015.

                                        BELLON & MANINGO, LTD.

                                        By:_____
                                        LANCE A. MANINGO, ESQ.
                                        Nevada Bar No.: 006405
                                        732 S. Sixth Street, Suite 102
                                        Las Vegas, Nevada 89101
                                        Telephone:  (702) 452-6299
                                        Attorney for Plaintiff

**BELLON & MANINGO, LTD.**
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
702-452-6299 • 702-452-6298 Fax

7

# EXHIBIT B

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

BRUCE H. BRESLOW
*Director*

AMY L. PARKS
*Acting Commissioner*



**DEPARTMENT OF BUSINESS AND INDUSTRY**
**DIVISION OF INSURANCE**
2501 East Sahara Avenue, Suite 302
Las Vegas, Nevada 89104-4137
(702) 486-4009    •    Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

July 14, 2015

Nationwide Mutual Insurance Company
c/o CSC Services of Nevada, Inc.
2215B Renaissance Dr.
Las Vegas, NV 89119-6727

RE:     Terry Geyer vs. Nationwide Mutual Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-15-721142-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on July 13, 2015.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

SCOTT J. KIPPER
Commissioner of Insurance

By:     *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:      Lance A. Maningo, Esq.

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

        Nationwide Mutual Insurance Company
        c/o CSC Services of Nevada, Inc.
        2215B Renaissance Dr.
        Las Vegas, NV 89119-6727
        CERTIFIED MAIL NO. 7014 0150 0000 5227 4615

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 14th day of July, 2015.

                                    *Rhonda Kelly*

                                    RHONDA KELLY
                                    Employee of the State of Nevada
                                    Department of Business and Industry
                                    Division of Insurance

RE:    Terry Geyer vs. Nationwide Mutual Insurance Company, et al.
       District Court, Clark County, Nevada
       Case No. A-15-721142-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 7/14/15  By: *Rhonda Kelly*

-1-

# EXHIBIT C



**CORPORATION SERVICE COMPANY**

TRL / ALL
Transmittal Number: 14023307
Date Processed: 07/16/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided  to:** | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Terry Geyer vs. Nationwide Mutual Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Clark County District Court, Nevada |
| **Case/Reference No:** | 15-721142-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 07/16/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | NV DEpartment if Business and Industry on 07/13/2015 |
| **How Served:** | Certified Mail |
| Sender Information: | Lance A. Maningo<br>702-452-6299 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# EXHIBIT D

1  Tom Larmore, Esq.
   Nevada Bar No. 7415
2  Christine M. Emanuelson, Esq.
   Nevada Bar No. 010143
3  **HINES HAMPTON LLP**
   6952 Encore Way
4  Las Vegas, NV 89119
   Tel.: (702) 933-7829
5  Fax: (702) 974-1709
   cemanuelson@hineshamptonllp.com
6

7  Attorneys for Defendants
   Nationwide Mutual Insurance Company, and
8  Allied Property and Casualty Insurance Company

9

10              **THE UNITED STATES DISTRICT COURT**

11           **DISTRICT OF NEVADA – LAS VEGAS DIVISION**

12  TERRY GEYER, an individual,          | CASE NO.

13                        Plaintiff,     | [Lower Court Case No. A-15-721142-C
    vs.                                   | District Court of Clark County, Nevada]
14
                                          | **DECLARATION OF KATHY R.**
15  NATIONWIDE MUTUAL                     | **RICHARDS IN SUPPORT OF**
    INSURANCE COMPANY, a                  | **DEFENDANTS' NOTICE OF**
16  corporation, ALLIED PROPERTY         | **REMOVAL**
    AND CASUALTY INSURANCE                |
17  COMPANY, a corporation; ROE          | **[28 U.S.C. §1441(b)]**
    CORPORATIONS I through X,             | **[DIVERSITY]**
18  inclusive,

19                      Defendants.

20

21  I, Kathy R. Richards, certify and declare as follows:

22       1.      I am an Associate Vice President and Assistant Secretary for

23  Nationwide Mutual Insurance Company ("Nationwide").  In my position, I am

24  personally familiar with the organization of Allied.  I have personal knowledge of

25  the facts and matters set forth herein.

26       2.      Nationwide is a mutual insurance company incorporated, organized

27  and existing under the laws of the State of Ohio.

28
                                   1

3.     Nationwide's corporate headquarters and principal office is located at One Nationwide Plaza in Columbus, Ohio.  The location is the actual center of direction, control, and coordination of Nationwide.

4.     All of the facts stated hereinabove were true on July 13, 2015, when this action was filed, at the present time, and on all days in between.

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct.

Executed this 2ᵗʰ day of August, 2015 at Columbus, Ohio.


KATHY R. RICHARDS
Associate Vice President and Assistant Secretary

DECLARATION OF KATHY R. RICHARDS IN SUPPORT OF DEFENDANTS'
NOTICE OF REMOVAL